B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> R. Wayne Klein, Chapter 11 Plan Administrator | **DEFENDANTS** <br> HYUNDAI CAPITAL AMERICA, INC., d/b/a KIA MOTORS FINANCE, |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Parsons, Smith, Stone, Loveland & Shirley, LLP <br> P.O. Box 910 <br> Burley, ID 83318 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☒ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Fraudulent Transfers | |

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 21,347.89 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR   J & J Chemical, Inc. | | BANKRUPTCY CASE NO.<br>17-40037-JDP | |
| DISTRICT IN WHICH CASE IS PENDING<br>Idaho | | DIVISION OFFICE | NAME OF JUDGE<br>Pappas |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>September 18, 2018 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jason R. Naess | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B2500A (Form 2500A) (12/15)

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| In re J & J Chemical,  )<br>　　　　Debtor　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>R. WAYNE KLEIN, Chapter 11 Plan Administrator)<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　)<br>HYUNDAI CAPITAL AMERICA, INC.,　)<br>d/b/a/ KIA MOTORS FINANCE,　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant　　　　　　　　)| Case No. 17-40037-JDP<br><br>Chapter 11<br><br><br><br><br><br><br>Adv. Proc. No. _____ |

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

　　　　Address of the clerk:

　　　　801 E. Sherman Street
　　　　Room 119
　　　　Pocatello ID  83201

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

　　　　Name and Address of Plaintiff's Attorney:

　　　　Jason R. Naess
　　　　PARSONS, SMITH, STONE,
　　　　LOVELAND & SHIRLEY, LLP
　　　　P.O. Box 910
　　　　Burley, Idaho 83318

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

B2500A (Form 2500A) (12/15)

_____ (Clerk of the Bankruptcy Court)

Date:_____   By:_____(Deputy Clerk)

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I,_____, certify that service of this summons and a copy of the complaint was made_____ by:

- ☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

- ☐ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

- ☐ Residence Service: By leaving the process with the following adult at:

- ☐ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

- ☐ Publication: The defendant was served as follows: [Describe briefly]

- ☐ State Law: The defendant was served pursuant to the laws of the State of_____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date_____ Signature _____

Print Name: _____

Business Address: _____

_____

Jason R. Naess
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P.O. Box 910
Burley, Idaho 83318
(208) 878-8382
(208) 878-0146 – fax
jason@pmt.org
Idaho State Bar #8407
Counsel for Plan Administrator

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>J & J CHEMICAL, INC.,<br><br>Debtors. | Bankr. Case No.   17-40037-JDP<br><br>Chapter 11 |
| R. WAYNE KLEIN, Chapter 11 Plan Administrator,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI CAPITAL AMERICA, INC., d/b/a KIA MOTORS FINANCE,<br><br>Defendant. | Adv. Proceeding No. _____ |

**COMPLAINT**

COMES NOW, R. Wayne Klein ("Plan Administrator"), the Chapter 11 Plan Administrator in Bankruptcy No. 17-40037-JDP, by and through counsel, and hereby complains and alleges as follows:

PARTIES

1.  Plaintiff, Plan Administrator, is the designated Plan Administrator in the confirmed

COMPLAINT  – Page 1

chapter 11 plan of J & J Chemical, Inc. Pursuant to the confirmed Plan, Plan Administrator has the authority to pursue certain avoidance actions, such as this adversary proceeding.

2. Hyundai Motor Finance Company, a California corporation, first received a Certificate of Authority to transact business in Idaho on December 1, 1989. On May 26, 2009, an Amended Certificate of Authority was issued to reflect a name change from Hyundai Motor Finance Company to Hyundai Capital America, Inc. Since at least June 11, 2009, when the Idaho Secretary of State issued a Certificate of Assumed Business Name, Defendant Hyundai Capital America, Inc., has used the assumed business name of Kia Motors Finance in the transaction of business in Idaho (Defendant will be referred to herein as "Kia Motors Finance").

## JURISIDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and pursuant to the Rules of this Court and the United States District Court for the District of Idaho, in that this action arises in and relates to the chapter 11 bankruptcy case filed by Debtor J & J Chemical, Inc. ("Debtor") on January 19, 2017, as Bankruptcy Case No. 17-40037-JDP in the Bankruptcy Court for the District of Idaho. The confirmed chapter 11 Plan provides the Court retained jurisdiction over certain matters, including "[t]o adjudicate, in an adversary proceeding if necessary, all reserved rights of the Debtor under this Plan to prosecute causes of action under 11 U.S.C. sections 544, 545, 546, 547, 548, 549, and/or 550 of the United States Bankruptcy Code and applicable State Law."

4. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H), and (O). Plan Administrator consents to entry of final orders or judgment by the bankruptcy judge as to all matters and proceedings in the above-entitled case.

5. Venue is proper in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## COUNT I
## §§ 548(a)(1)(B), 550

6.      Jonathan Peirsol was the President of Debtor at all times relevant to this Complaint.

7.      Debtor operates a janitorial supply company.

8.      On September 24, 2014, Debtor began transferring funds from Debtor's bank account with the Bank of Commerce ("Acct. 9804") to Kia Motors Finance. The transfers occurred over several years, and include the following:

  (a)     $5,000.00 on September 24, 2014;

  (b)     $285.22 on December 2, 2016; and

  (c)     $570.44 on January 3, 2017;

The total amount Debtor transferred from Acct. 9804 to Kia Motors Finance was $5,855.66.

9.      On November 28, 2014, Debtor began transferring funds from Debtor's bank account with Wells Fargo ("Acct. 4475") to Kia Motors Finance. The transfers occurred over the course of approximately one year, and include the following:

  (a)     $5,492.23 on November 28, 2014;

  (b)     $3,000.00 on December 15, 2014;

  (c)     $2,000.00 on January 20, 2015; and

  (d)     $5,000.00 on October 19, 2015;

The total amount Debtor transferred from Acct. 4475 to Kia Motors Finance was $15,492.23.

10.     Debtor has never owned or leased a Kia vehicle and has never financed a vehicle using Kia Motors Finance's services.

11.     Debtor filed for chapter 11 bankruptcy on January 19, 2017.

12.     Of the transfers identified in paragraphs 8 and 9, Debtor transferred $7,855.66 to

Kia Motors Finance, within the two years prior to filing for bankruptcy.

13. Debtor received less than a reasonably equivalent value in exchange for the transfer of $7,855.66 to Kia Motors Finance. Debtor's janitorial supply business received no value from transferring money to Kia Motors Finance when it did not own, lease, or otherwise use a vehicle financed by Kia Motors Finance.

14. Debtor was insolvent at the time the transfers were made, or became insolvent as a result of the transfers.

15. Kia Motors Finance was the initial transferee of the transfers by Debtor.

## COUNT II
### 11 U.S.C. §§ 544, 550; Idaho Code § 55-913(1)(b), 55-914

16. Plan Administrator realleges paragraphs 1 through 15, and makes the same a part of Count II as though fully set out herein.

17. During the four (4) years preceding Debtor's bankruptcy filing, Debtor transferred an amount of at least $21,347.89 to Kia Motors Finance.

18. Debtor and, by extension, its creditors did not receive reasonably equivalent value in exchange for the $21,347.89 transferred to Kia Motors Finance.

19. Debtor was insolvent at the time the transfers were made, or became insolvent as a result of the transfers.

20. Debtor was engaged or was about to engage in business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

21. Debtor intended to incur, or believed or reasonably should have believed it would incur, debts beyond its ability to pay as they became due.

22. The $21,347.89 in transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Idaho Code § 55-913(1)(b) and 55-914.

23. Pursuant to 11 U.S.C. § 550(a)(1), the Plan Administrator may recover the transfers identified in this Complaint from Kia Motors Finance as the initial transferee.

24. The Plan Administrator has been required to retain the services of Parsons, Smith, Stone, Loveland & Shirley, LLP, to prosecute this action. The Plan Administrator is entitled to the recovery of attorneys' fees and costs pursuant to Idaho Code §§ 12-120 and 12-121, and to the extent equity requires that the estate be made whole.

WHEREFORE, Plan Administrator prays for Judgment against Kia Motors Finance, as follows:

a. On Count I, for a recovery of $7,855.66;

b. On Count II, for a recovery of $21,347.89, some of which amount is a duplicate of the request identified in regards to Count I;

c. That Plan Administrator be awarded reasonable attorney's fees in the sum of $5,000.00 should this action terminate as a default judgment, together with such other and additional sums as the Court deems just and proper should the action be contested pursuant to Idaho Code §§ 12-120 and 12-121, and to the extent equity requires an order for Plan Administrator to be made whole, plus court costs; and

d. For such other and further relief as the court may deem just and proper.

DATED this __17th__ day of September, 2018.

PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP

Jason R. Naess
Attorneys for Plan Administrator

## VERIFICATION

STATE OF UTAH        )
                     ) ss
County of Salt Lake  )

R. Wayne Klein, being first duly sworn on oath, deposes and says:

That he is the Plaintiff in the above-entitled action; that he has read the contents of the foregoing Complaint, and knows the contents thereof and the facts stated therein he believes to be true.

_____
R. Wayne Klein, Plan Administrator

Subscribed and sworn to before me, this 17th day of September, 2018.

_____
Notary Public for Utah
Residing at Salt Lake City
My commission expires on 7/12/2020

**DIANNA DEBATE**
Notary Public State of Utah
My Commission Expires on:
July 12, 2020
Comm. Number: 689932

COMPLAINT – Page 6