Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146

*Attorneys for R. Wayne Klein,*
*Chapter 11 Plan Administrator*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>J & J CHEMICAL, INC.,<br><br>Debtor. | Case No. 17-40037-JDP<br><br>Chapter 11 |
|---|---|

**MOTION TO APPROVE RULE 9019 COMPROMISE**
**WITH DIRECTV, LLC**

---

**Notice of Motion to Approve Rule 9019 Compromise with DirecTV, LLC**
**and Opportunity to Object and for a Hearing**

Notice is hereby given that the chapter 11 Plan Administrator in the above-captioned case has filed the above-referenced motion with the Court requesting relief as set forth therein.

No Objection.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

Hearing on Objection.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

---

COMES NOW, R. Wayne Klein ("Plaintiff" or "Plan Administrator), the chapter 11 Plan Administrator in the above-captioned bankruptcy case, by and through counsel Jason R. Naess, and hereby requests approval of the Stipulation attached as Exhibit A (the "Stipulation") pursuant to Rule 9019, upon the grounds the compromise contained in the Stipulation is in the best interest of fulfilling the purposes of the Plan, avoids further costs and expenses, and maximizes the available return to creditors. In support of this Motion, the Plan Administrator asserts as follows:

1. A chapter 11 plan in this case was confirmed by the Court on February 26, 2018. In the Plan, the Plan Administrator was appointed to run J&J Chemical, Inc., until the above-captioned bankruptcy case closes. The Plan vests in the Plan Administrator certain Avoidance Actions under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549, and/or 550 of the Bankruptcy Code and applicable State law, and retains jurisdiction in the Court to "adjudicate" the Avoidance Actions.

2. On September 18, 2018, Plan Administrator commenced an avoidance action against DirecTV, LLC, pursuant to §§ 544, 548, and 550, seeking recovery of at least $7,228.15 in pre-petition fraudulent transfers that were made by J&J Chemical, Inc., but that benefited Jonathan Peirsol, J&J Chemical's pre-petition owner (the "Adversary Proceeding").

3. As a result of discussions between the Plan Administrator and the DirecTV, LLC, regarding the transfers, the Parties have determined it to be in their mutual best interest to amicably settle between them the disputes identified the Adversary Proceeding. The Parties have entered a Stipulation whereby DirecTV, LLC will pay to Plan Administrator, LLC, $7,000.00 in full and complete settlement of any claims between DirecTV, LLC, and the Plan Administrator and J&J Chemical. The Parties' Stipulation is attached hereto as Exhibit A.

MOTION TO APPROVE COMPROMISE - 2

4.  The Plan Administrator believes the litigation costs and the likelihood of success associated with litigating the Adversary Proceeding justify the proposed settlement and the Stipulation is beneficial to the purposes of the Plan. The Plan Administrator believes the proposed compromise is a reasonable exercise of his business judgment and, upon analysis of the factors identified in *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), and is fair and equitable.

### ANALYSIS OF SETTLEMENT

a. Probability of Success in Litigation:

The Plan Administrator sued DirecTV, LLC, under §§ 544, 548, and 550 to avoid and recover certain fraudulent transfers. Pre-petition, J&J Chemical paid DirecTV, LLC, for television services that benefitted Jonathan Peirsol, and the Plan Administrator now seeks to recover the transferred funds. The Plan Administrator believes he would be successful in recovering the full amount of funds transferred to DirecTV, LLC, if litigation were required.

The Stipulation results in the Plan Administrator recovering just $228.15 less than was plead in the Complaint filed in the Adversary Proceeding. While the Plan Administrator expects there may have been additional transfers uncovered through the discovery process, he believes, considering the expense that would be incurred in proceeding through litigation, the $7,000.00 recovery under the Stipulation is justified, fair, and equitable.

b. Difficulties Encountered in Collection if Successful:

The Plan Administrator does not anticipate there would be any difficulties in collection if he were successful in litigating the fraudulent transfer issues. DirecTV, LLC, is believed to be solvent, and the Plan Administrator believes, given the amount in controversy in the Adversary Proceeding, he would be able to recover the entire amount of any judgment from DirecTV.

    c.  <u>Complexity of the Litigation; Litigation Expense, Inconvenience, and Delay</u>:  It is not anticipated the litigation in this case would be terribly complex.  The Plan Administrator was able to identify the transfers included in the Complaint from J&J Chemical's bank records, and believes the information in other financial and business records is sufficient to prove the insolvency and other requirements of the fraudulent transfer statutes.  Due to the nature of the services provided by DirecTV and the nature of J&J Chemical, it is not expected there would be any difficulty in showing there was no benefit to J&J Chemical as a result of the transfers to DirecTV.

    d.  <u>Paramount Interest of Creditors</u>:

The Plan Administrator believes the resolution of the dispute between the Parties in the Stipulation fairly resolves the issues between the Parties while eliminating the costs of litigation.  Under the Stipulation, the Plan Administrator will recover nearly the full amount of funds transferred to DirecTV, LLC, and he will be able to use those funds as authorized under the Plan.

    THEREFORE, the Plan Administrator recommends and seeks approval of the proposed compromise as a reasonable exercise of his business judgment and a fair and equitable resolution.

    DATED this 5th day of November, 2018.

    **PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP**

    _/s/ Jason R. Naess_
    Jason R. Naess
    Counsel for Wayne Klein, Chapter 11 Plan Administrator