Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146

*Attorneys for R. Wayne Klein,*
*Chapter 11 Plan Administrator*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re: | Case No. 17-40037-JDP |
|---|---|
| J & J CHEMICAL, INC., | Chapter 11 |
| Debtor. | |

**MOTION TO APPROVE RULE 9019 COMPROMISE**
**WITH NEW YORK LIFE INSURANCE CO.**

> **Notice of Motion to Approve Rule 9019 Compromise with New York Life Insurance Co.**
> **and Opportunity to Object and for a Hearing**
>
> Notice is hereby given that the chapter 11 Plan Administrator in the above-captioned case has filed the above-referenced motion with the Court requesting relief as set forth therein.
>
> No Objection.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.
>
> If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> Objection.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.
>
> Hearing on Objection.  The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

MOTION TO APPROVE COMPROMISE - 1

COMES NOW, R. Wayne Klein ("Plaintiff" or "Plan Administrator), the chapter 11 Plan Administrator in the above-captioned bankruptcy case, by and through counsel Jason R. Naess, and hereby requests approval of the Settlement Agreement attached as Exhibit A (the "Settlement Agreement") pursuant to Rule 9019, upon the grounds the compromise contained in the Settlement Agreement is in the best interest of fulfilling the purposes of the Plan, avoids further costs and expenses, and maximizes the available return to creditors.  In support of this Motion, the Plan Administrator asserts as follows:

1.  A chapter 11 plan in this case was confirmed by the Court on February 26, 2018. In the Plan, the Plan Administrator was appointed to run J&J Chemical, Inc., until the above-captioned bankruptcy case closes.  The Plan vests in the Plan Administrator certain Avoidance Actions under 11 U.S.C. §§ 544, 545, 546, 547, 548, 549, and/or 550 of the Bankruptcy Code and applicable State law, and retains jurisdiction in the Court to "adjudicate" the Avoidance Actions.

2.  On September 18, 2018, Plan Administrator commenced an avoidance action against New York Life Insurance Co.,[1] pursuant to §§ 544, 548, 549, and 550, seeking recovery of at least $15,204.00 in pre-petition fraudulent transfers that were made by J&J Chemical, Inc., but that benefited Jonathan Peirsol, J&J Chemical's pre-petition owner, Adv. Pro. No. 18-8032-JDP (the "Adversary Proceeding").

3.  As a result of discussions between the Plan Administrator and the New York Life Insurance Co., regarding the transfers, the Parties have determined it to be in their mutual best interest to amicably settle between them the disputes identified the Adversary Proceeding.  The

---

[1] The Adversary Proceeding was commenced against NYLife Securities, LLC.  The Parties to the Settlement Agreement agree and recognize the correct Defendant in that Adversary Proceeding is New York Life Insurance Co., and the Settlement Agreement is effective as to New York Life Insurance Co. and NYLife Securities, LLC.

MOTION TO APPROVE COMPROMISE - 2

Parties have entered a Settlement Agreement whereby New York Life Insurance Co. will pay to Plan Administrator $15,000.00 in full and complete settlement of any claims between NYLife Securities, LLC, and New York Life Insurance Co., on the one side and the Plan Administrator and J&J Chemical on the other.  The Parties' Settlement Agreement is attached hereto as Exhibit A.

   4. The Plan Administrator believes the litigation costs and the likelihood of success associated with litigating the Adversary Proceeding justify the proposed settlement and the Settlement Agreement is beneficial to the purposes of the Plan.  The Plan Administrator believes the proposed compromise is a reasonable exercise of his business judgment and, upon analysis of the factors identified in *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986), and is fair and equitable.

## ANALYSIS OF SETTLEMENT

a. <u>Probability of Success in Litigation</u>:

   The Plan Administrator sued New York Life Insurance Co. under §§ 544, 548, 549, and 550 to avoid and recover certain fraudulent transfers.  Pre-petition, J&J Chemical paid New York Life Insurance Co. for life insurance that benefitted Jonathan Peirsol not J&J Chemical, and the Plan Administrator now seeks to recover the transferred funds.  The Plan Administrator also seeks to recover post-petition transferred funds that were not authorized by the Code or the Court.  The Plan Administrator believes he would be successful in recovering the full amount of funds transferred to New York Life Insurance Co. if litigation were required.

   The Settlement Agreement results in the Plan Administrator recovering just $204.00 less than was plead in the Complaint filed in the Adversary Proceeding.  While the Plan Administrator expects there may have possibly been additional transfers uncovered through the

discovery process, he believes, considering the expense that would be incurred in proceeding through litigation, the $15,000.00 recovery under the Settlement Agreement is justified, fair, and equitable.

 b. <u>Difficulties Encountered in Collection if Successful</u>:

The Plan Administrator does not anticipate there would be any difficulties in collection if he were successful in litigating the fraudulent transfer issues.  New York Life Insurance Co. is believed to be solvent, and the Plan Administrator believes, given the amount in controversy in the Adversary Proceeding, he would be able to recover the entire amount of any judgment from New York Life Insurance Co. if required to do so.

 c. <u>Complexity of the Litigation; Litigation Expense, Inconvenience, and Delay</u>:  It is not anticipated the litigation in this case would be terribly complex.  The Plan Administrator was able to identify the transfers included in the Complaint from J&J Chemical's bank records, and believes the information in other financial and business records is sufficient to prove the insolvency and other requirements of the fraudulent transfer statutes.  Due to the nature of the services provided by New York Life Insurance Co. and the nature of J&J Chemical, it is not expected there would be any difficulty in showing there was no benefit to J&J Chemical as a result of the transfers to New York Life Insurance Co.

 d. <u>Paramount Interest of Creditors</u>:

The Plan Administrator believes the resolution of the dispute between the Parties in the Settlement Agreement fairly resolves the issues between the Parties while eliminating the costs of litigation.  Under the Settlement Agreement, the Plan Administrator will recover nearly the full amount of funds transferred to New York Life Insurance Co. and he will be able to use those funds as authorized under the Plan.

MOTION TO APPROVE COMPROMISE - 4

THEREFORE, the Plan Administrator recommends and seeks approval of the proposed compromise as a reasonable exercise of his business judgment and a fair and equitable resolution.

DATED this 18th day of December, 2018.

**PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP**

*/s/ Jason R. Naess*
Jason R. Naess
Counsel for Wayne Klein, Chapter 11 Plan Administrator